1  CATHERINE E. HOLZHAUSER, SBN 118756
   CHRISTOPHER HAMMER, SBN 272543
2  BEESON, TAYER & BODINE, APC
   520 Capitol Mall, Suite 300
3  Sacramento, CA 95814-4714
   Telephone:  (916) 325-2100
4  Facsimile:  (916) 325-2120
   Email:  cholzhauser@beesontayer.com; chammer@beesontayer.com

Attorneys for Plaintiff TRUSTEES ON BEHALF
OF THE TEAMSTERS BENEFIT TRUST

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRUSTEES ON BEHALF OF THE TEAMSTERS BENEFIT TRUST<br><br>Plaintiff,<br><br>v.<br><br>PATTERSON HEAVY HAUL, INC.<br><br>Defendant. | Case No. 2:18-cv-02450-JAM-DB<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND ORDER** |

PLAINTIFF, TRUSTEES ON BEHALF OF THE TEAMSTERS BENEFIT TRUST (Plaintiff) and DEFENDANT, PATTERSON HEAVY HAUL, INC. (Defendant) STIPULATE AND AGREE that the Court may render judgment in favor of Plaintiff and against Defendant in the amount of $10,743.30, which includes $6,692.41 owed in unpaid contributions and associated liquidated damages, $3,539.30 in attorneys' fees, and $511.59 in post-judgment interest (10 percent per annum).

Plaintiff and Defendant further agree that Plaintiff is entitled to conduct an audit of Defendant's payroll records to determine whether Defendant has made the necessary contributions to the Teamsters Benefit Trust for its employees. Plaintiff requires access to Defendant's payroll records and Defendant agrees to provide them for this purpose.

IT IS FURTHER STIPULATED and agreed by the parties that execution will not issue on the Judgment so long as Defendant fully complies with the following conditions:

A. Plaintiff agrees that although the full judgment amount, excluding the post-judgment interest, is due and payable to Plaintiff as of the date of entry of judgment with the Court, Plaintiff will accept and Defendant will be entitled to pay off this Judgment in full by making the following payments, commencing on February 15, 2019 and continuing on a monthly basis through July 15, 2019 until a total of $10,743.30 is paid. The payments shall be made according to the following payment schedule:

| | **Due Date** | **Amount Due** |
|---|---|---|
| 1. | February 15, 2019 | $1,790.55 [$1,705.29 + $85.26 in interest] |
| 2. | March 15, 2019 | $1,790.55 [$1,705.29 + $85.26 in interest] |
| 3. | April 15, 2019 | $1,790.55 [$1,705.29 + $85.26 in interest] |
| 4. | May 15, 2019 | $1,790.55 [$1,705.29 + $85.26 in interest] |
| 5. | June 15, 2019 | $1,790.55 [$1,705.29 + $85.26 in interest] |
| 6. | July 15, 2019 | $1,790.55 [$1,705.29 + $85.26 in interest] |

Each of said payments shall be made by check payable to **Teamsters Benefit Trust Fund** and shall be sent to Beeson, Tayer & Bodine, 520 Capitol Mall, Suite 300, Sacramento, California, 95814; Attention: Catherine Holzhauser.

B. All payments shall be timely if they are received no later than the due dates set forth above. Any payments received after the due dates shall incur a ten percent (10%) late fee on that installment payment.

C. There shall be no pre-payment penalty if Defendant chooses to pay this obligation in full and no additional interest payments shall be due once the balance is paid in full.

D. The parties agree that if, for any reason, any payment under the terms of this Stipulation is not made within ten (10) days of its due date, the entire remaining amount owed under the payment plan shall become due and payable and Plaintiff shall, at its option, be entitled to execute on the entire amount of the Judgment, less any payments already made by Defendant to Plaintiff.

E. In the event of default, Plaintiff shall be entitled to recover any and all costs of collection, including any reasonable attorney fees it may incur while seeking to enforce, recover or satisfy this judgment.

F. In addition, Defendant agrees to provide to Plaintiff's auditor, Lindquist LLP, by February 15, 2019, accurate copies of the following documents for the testing period June 1, 2014 to April 30, 2018:

> 1) Transmittals (monthly contribution reports) to the Teamsters Benefit Trust for the entire testing period;
>
> 2) Payroll registers or other documents that show wages paid/worked and hours paid/worked by pay period (bi-weekly) for the entire testing period;
>
> 3) Timecard for the most recent quarter (2018 Quarter 1);
>
> 4) Job classification documentation for all employees including employees NOT reported to the Trust. (i.e. Workers compensation reports, screen shot of job title or job description from human resource database, organization chart, phone lists including title, signed job applications, business cards, master employee roster, etc.);
>
> 5) Seniority lists covering the entire testing period;
>
> 6) Monthly transmittals to other Trust Funds for the following quarters: 2018 Q1, 2017 Q2, 2016 Q3;

G. Should Defendant fail to provide any of the above listed documents by February 15, 2019, Defendant agrees that upon Plaintiff's request and thirty (30) days written notice, Plaintiff's auditor shall be granted physical access to Defendant's business office located at 6342 E. VICTOR ROAD, LODI CA 95240 and to review and copy Defendant's above referenced business records, whether stored in physical or electronic format.

Dated: January 31, 2019         BEESON, TAYER & BODINE, APC

By: /s/
CATHERINE E. HOLZHAUSER
CHRISTOPHER HAMMER
Attorneys for Trustees on Behalf of the
Teamsters Benefit Trust

Dated: January 31, 2019

By: /s/
LAURIE SILVIA
Controller/CFO, Patterson Heavy Haul, Inc.

**IT IS SO ORDERED.**

Dated: 2/5/2019

/s/ John A. Mendez
U.S. DISTRICT JUDGE JOHN A. MENDEZ